**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL KISH, | ) |
| | ) CASE NO. 1:04CV1695 |
| Petitioner, | ) |
| | ) JUDGE GAUGHAN |
| v. | ) |
| | ) MAGISTRATE JUDGE VECCHIARELLI |
| JULIUS WILSON, Warden, | ) |
| | ) **REPORT & RECOMMENDATION** |
| Respondent. | ) |

Petitioner, Michael Kish, ("Kish"), challenges the constitutionality of his conviction in the case

of *State v. Kish*, Case No. 00 CR 56227.  Kish, *pro se*, filed a Petition for Writ of Habeas Corpus

(Doc. No. 1) pursuant to 28 U.S.C. § 2254 on August 23, 2004 with the United States District Court

for the Northern District of Ohio.  This matter is before the undersigned Magistrate Judge pursuant to

Local Rule 72.2.  For reasons set forth in detail below, the Magistrate Judge recommends Kish's

petition (Doc. No. 1) be DENIED.

## I.  Procedural History

### A.  Conviction

The Grand Jury for Lorain County returned a two-count indictment charging Kish with two counts of possession of drugs in violation of Ohio Revised Code ("O.R.C.") § 2925.11(A), with a major drug offender specification on one of the counts.  (Doc. No. 9, Exh. 2.)

On August 14, 2000, Kish filed a Motion to Suppress Evidence.  (Doc. No. 9, Exh. 3.)  On November 5, 2001, the trial court held a suppression hearing.  (Doc. No. 9, Exh. 4.)  On June 7, 2002, the trial court denied Kish's motion.  (Doc. No. 9, Exh. 5.)

On March 28, 2002, the State filed specifications as to forfeiture of real property.  (Doc. No. 9, Exh. 6.)

On September 19, 2002, the jury found Kish guilty of both counts and the major drug offender specification.  (Doc. No. 9, Exh. 7.)  The trial court sentenced Kish to concurrent prison terms of ten years on count one and two years on count two, and a consecutive term of two years on the drug offender specification.  (Doc. No. 9, Exh. 8.)  The Court also imposed fines of $20,000 for count one and $10,000 for count two.  *Id.*

On September 18, 2002, the court conducted a hearing on the forfeiture specifications.  (Doc. No. 9, Exh. 9.)  On September 23, 2002, the court denied the forfeiture of Kish's real property.  (Doc. No. 9, Exh. 10.)  On November 26, 2002, the State filed a Motion to Preserve Reachability of Property.  (Doc. No. 9, Exh. 11.)  On December 18, 2002, the court denied the State's motion. (Doc. No. 9, Exh. 12.)

**B. Direct Appeal**

On September 23, 2002, Kish, through counsel, appealed the trial court's judgment and

sentence to the Ohio Court of Appeals.  (Doc. No. 9, Exh. 14.)  On October 23, 2002, the State

cross-appealed the trial court's decision denying the forfeiture of Kish's real property.  (Doc. No. 9,

Exh. 15.)  On January 15, 2003, the State filed a Motion to Preserve Reachability of Property Pending

Appeal.  (Doc. No. 9, Exh. 17.)

On February 13, 2003, the Court of Appeals denied the State's  Motion to Preserve

Reachability of Property Pending Appeal.  (Doc. No. 9, Exh. 23.)  On February 20, 2003, the State

filed an Application for Reconsideration.  (Doc. No. 9, Exh. 24.)  On March 18, 2003, the Court of

Appeals granted injunctive relief preserving the reachability of property pending appeal.  (Doc. No. 9,

Exh. 25.)

On May 14, 2003, the Court of Appeals affirmed the trial court's judgment on Kish, but

reversed and remanded the court's denial of forfeiture of property.[1]  (Doc. No. 9, Exh. 26.)

On June 27, 2003, through counsel, Kish appealed to the Ohio Supreme Court.  (Doc. No. 9,

Exh. 29.)  On September 24, 2004, the Ohio Supreme Court denied leave to appeal and dismissed

Kish's appeal as not involving any substantial constitutional question.  (Doc. No. 9, Exh. 34.)

**C. Federal Habeas Petition**

On August 23, 2004, Kish, *pro se*, filed a Petition for Writ of Habeas Corpus, asserting the

---

[1] On October 6, 2003, the State filed a Motion to Release the Injunction against Kish.
(Doc. No. 9, Exh. 27.)  On October 16, 2003, the courtgranted the release.  (Doc. No. 9,
Exh. 28.)

following four grounds for relief:

> GROUND ONE:  Whether Petitioner was deprived his right to fundamental fairness, a fair trial, and due process of law as guaranteed by and through the Federal Constitution's Sixth and Fourteenth Amendments where the trial court denies a criminal defendant's challenge for cause of a venire person who (1) repeatedly expresses that s/he will give greater weight to the testimony of law enforcement officers than lay persons; and (2) that s/he could not set aside that practice even if instructed to do so by the court.

> GROUND TWO:  Whether petitioner was deprived of his Sixth Amendment right to effective assistance of counsel and that of due process of law where the trial court order[ed] that defense counsel could not speak to or counsel with his client over a lunch break during trial. *See*, U.S.C.A Const. Amend. 6 and 14.

> GROUND THREE:  Whether petitioner was deprived of his protected rights to confrontation, effective assistance of counsel and due process of law where the state trial court denied defense counsel the right to examine his own witness concerning a subject which the prosecution had questioned its own witness a[bout] thereby leaving the jury with only the testimony provided by the state's witness as to that matter and as to those facts.

> GROUND FOUR:  Whether petitioner was deprived of his right to a fundamentally fair trial and due process of law when the trial court denied petitioner's request for a mistrial based on prosecutorial misconduct.

(Doc. No. 1.)

### III.  Standard of Review under the AEDPA - Review on Merits

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Kish filed his habeas petition after the effective date of AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Federal courts are bound by a state court's determination of a petitioner's claims, unless the decision by the state court involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir.1998).  In *Williams v. Taylor*, 529 U.S. 362, 411 (2000), the Supreme Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Stated differently, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The Court noted that the term "unreasonable" is "no doubt difficult to define," but the Court did not expound on the word's meaning in this context, instead stating that "it is a common term in the legal world, and, accordingly, federal judges are familiar with its meaning." *Id*. at 410.  The Sixth Circuit interprets the *Williams* test to mean if a court "believe[s] that a state court incorrectly applied federal law, [it] must refuse to issue the writ of habeas corpus if [it] finds that the state court's decision was a reasonable one." *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir.

5

2000).

## IV.  Analysis

**A. Ground One: Trial Court Error in Failing to Discharge Juror for Cause**

In his first ground for relief, Kish claims that the trial court erred when it did not remove a juror for cause during jury selection.  During *voir dire*, a juror stated that he would believe a police officer over another witness if they gave contradicting statements.  (Doc. No. 10, pp. 34, 55.)  When defense counsel asked the juror if he would be able to refrain from doing this subconsciously, the juror stated he "probably would think outside that box."  (*Id.* at 56.)  When the trial court did not grant Kish's challenge to remove the juror for cause, Kish claims that he was prejudiced because he was forced to use a peremptory challenge to excuse that juror.

### 1.  Noncognizable Claim

Respondent claims that Kish did not fairly present this claim to the state courts.  Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not "fairly presented" to the state courts.  *Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987).  The Sixth Circuit has noted four actions a defendant can take which are significant to the determination whether a claim has been "fairly presented": (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.  *Id.* at 326; *see also McMeans v. Brigano*, 228 F.3d 674 (6th Cir. 2000).

Kish has not met any of the fair presentation factors set forth in *Franklin*. In raising and

6

addressing this claim in his state court briefs, Kish did not reference, either specifically or generally, any

sections of the U.S. Constitution or rely on any federal case law.  Instead, Kish raised this claim in the

state courts as the trial court's abuse of discretion under state law.  Kish cited only state cases for the

proposition that a trial court's ruling for cause will not be overturned unless the court abused its

discretion.  Therefore, Kish's claim raised in the state courts is insufficient to allege a constitutional

violation.  This claim should be dismissed because Kish did not fairly present it to the state courts and

has not shown cause and prejudice.

### 2. Due Process Review

Even if this Court assumes that Kish presented a constitutional question in the state courts, he is

only entitled to a due process review of his claim by this Court because the Court of Appeals' decision

denying this claim is based solely on state law.[2]  *See Allen v. Morris*, 845 F.2d 610 (6th Cir. 1988)

(Federal courts must defer to a state court's interpretation of its own laws and procedures); *see also*

*Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (Principles of comity require federal courts to

defer to a state's judgment on issues of state law).  Thus, this Court will review Kish's claim for a

violation of due process.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (Neither a violation of

state law nor a state court's decision applying purely state law may be reviewed by a federal habeas

corpus court, but such a claim serves as a basis for habeas corpus relief when the petitioner is denied

fundamental fairness in the trial process).

---

[2] Although the Court of Appeals relied on a state case that cited a U.S. Supreme
Court case, its decision was based on state law.  The Court of Appeals cited the
applicable state statute and held that the trial court did not abuse its discretion.

The Court concludes that the trial court failure remove the juror for cause did not deprive Kish

of his due process rights.  Although the juror initially stated that he would give a police officer's

testimony more weight than another witness, he later stated that he would think outside of that box if the

Court instructed him that such bias is contrary to law.  Further, the juror also stated that he could be fair

and impartial to the State and Kish.  (Doc. No. 10, p. 51.)  The trial court's decision not to remove the

juror did not violate Kish's due process rights.  Accordingly, this claim should be dismissed.

**B.  Ground Two: Denial of Attorney Consultation During Recess**

In his second ground for relief, Kish claims that he was denied his Sixth Amendment right to

counsel when the trial court ordered Kish not to consult with his attorney during a break in Kish's

testimony.  During the State's cross-examination of Kish, the Court recessed for lunch.  The Court

ordered Kish's attorney  to refrain from discussing the case with Kish regarding his testimony during the

lunch break.

In dismissing this claim, the Court of Appeals found that Kish did not have a constitutional right

to discuss his testimony with his attorney while his testimony was in progress and held that the trial court

did not err in its order to defense counsel.  The Court of Appeals relied on *Perry v. Leeke*, 488 U.S.

272, 281 (1989).  In *Perry*, the Supreme Court held that when a defendant becomes a witness, he has

no constitutional right to consult with his lawyer while he is testifying.  *Id.*  The Supreme Court found

that although the defendant has an absolute right to such consultation before he begins to testify, neither

he nor his lawyer has a right to have the testimony interrupted in order to give him the benefit of

counsel's advice.  *Id.*  Further, the Court in Perry found that "the Federal Constitution does not compel

every trial judge to allow the defendant to consult with his lawyer while his testimony is in progress if the

judge decides that there is a good reason to interrupt the trial for a few minutes." *Id.* at 284-85.

As Kish did not have a constitutional right to consult with his attorney while the State's cross-examination of him was in progress under federal law, the Court of Appeals' decision was neither contrary to, nor an unreasonable application of clearly established federal law.  Kish's claim should be dismiss

**C.  Ground Three: Trial Court's Denial of Defense Examining Its Own Witness**

In his third ground for relief, Kish claims that he was deprived his right to confrontation and effective assistance of counsel when the trial court did not permit defense counsel to examine Kish regarding a subject on which the State had previously examined one of its witnesses.  The State examined a witness regarding a trip from El Paso, Texas to Ohio.  Kish claims the State pursued this questioning to illustrate that Kish and the witness were taking trips to bring drugs, not supplies for his landscaping business, into the United States from Mexico.  When Kish testified, defense counsel attempted to question him about the trip with the State's witness.  Kish testified that he made the trip with the witness and hauled aluminum that the witness obtained in Mexico. (Doc. No. 13, p.573.) Kish further testified that the truck was stopped by authorities during the trip. (*Id.* at 574.)  The State objected to the testimony on the ground of relevance and the court sustained the objection.  Defense counsel argued he should be able to ask this line of questioning for rebuttal purposes because the State's witness testified about this trip in the State's [c]ase and stated that drugs were transported. (*Id.* at 575.)  Defense counsel then asked Kish whether authorities x-rayed the truck during the trip.  The court sustained the State's objection to this questioning.

At the next recess, defense counsel proffered that Kish would have testified that: he was not

aware of drugs being transported on the trip; the truck was stopped and searched by officers and

narcotics dogs on two separate occasions during the trip; the truck was x-rayed by authorities with

Kish's consent; and no drugs were found in the truck.  (*Id.* at 608.)

### 1.  Noncognizable Claim

Respondent claims that Kish did not fairly present this claim to the state courts.  Although Kish

refers to the Confrontation Clause and effective assistance of counsel in his habeas brief, his argument

on direct appeal in the state courts challenged the trial court's evidentiary ruling under state law.

Therefore, Kish's claim raised in the state courts is insufficient to allege a Sixth Amendment

constitutional violation.  *See*, *supra*, Section IV. A. 1.  This claim should be dismissed because Kish did

not fairly present it to the state courts and has not shown cause and prejudice.

### 2.  Due Process Violation

Even if this Court assumes that Kish presented a constitutional question in the state courts, he is

only entitled to a due process review of is claim by this Court because the Court of Appeals' decision

denying this claim is based solely on state law.[3]  Further, this Court will review Kish's claim only for a

due process violation because he challenges the trial court's evidentiary ruling.[4]  *See Coleman v.*

---

[3] Although the Ohio Court of Appeals stated that the U.S. Constitution provides the
right to confront and cross-examine witnesses on relevant issues, it further stated that
the Ohio Supreme Court has held that although the cross-examination of a witness is
a matter of right, the extent of cross-examination with respect to an appropriate
subject of inquiry is within the sound discretion of the trial court.  The Court of Appeals
relied specifically on the state law and held that the trial court did not abuse its
discretion on the evidentiary ruling.

[4] The Court will review for a due process violation Kish's claim regarding the
the trial court's alleged error in its evidentiary ruling.  However, the Court will not
review Kish's ineffective trial counsel claim regarding the direct examination.  He did not

10

*Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001) ("A state court evidentiary ruling will be reviewed by a

federal habeas court only if it were so fundamentally unfair as to violate the petitioner's due process

rights"); *see also Schoenberger v. Russell*, 290 F.3d 831, 836 (6th Cir. 2002) ("[O]nly in

extraordinary cases will an error in the application of state rules of evidence rise to the level of a due

process violation in a federal habeas proceeding"); *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir.

2000) (Generally, state court evidentiary rulings cannot rise to the level of due process violations unless

they "offend[] some principle of justice so rooted in the traditions and conscience of our people as to be

ranked as fundamental") (quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).

The trial court's evidentiary ruling did not violate Kish's due process rights.  Contrary to Kish's

suggestion, the State did not question its witness about a specific trip from El Paso to Ohio involving the

transportation of drugs.  Instead, the State asked whether the witness took trips with Kish from or to

the south. (Doc. No. 11, p. 275.)  The witness stated that she drove with Kish from the south to Ohio

in the past.  The record shows that the State elicited testimony about the trips to clarify repeated

references to a trip and truck stop that the witness made on a tape played at trial.[5]  Contrary to defense

counsel's suggestion, there was no discussion that illicit drugs were transported.  The testimony Kish

proffered did not rebut, nor address, the testimony presented by the State.  Therefore, the trial court

did not violate Kish's due process rights in sustaining objections to defense counsel's questions.

Accordingly, this claim should be dismissed.

---

raise this claim in the state courts and the Court of Appeals did not address any such
claim.

[5] The witness was a confidential informant and the State taped conversations between
her and Kish.

**D.  Ground Four: Trial Court's Denial of Mistrial**

In his fourth ground for relief, Kish claims he was deprived of his right to a fundamentally fair

trial when the trial court denied his request for a mistrial based on prosecutorial misconduct.[6]  Kish

asserts that the prosecutor's comments during closing arguments and his cross-examination of Kish

denied Kish a fair trial.  During closing arguments, the prosecutor stated, "[Defendant's] attitude on the

witness stand today should tell you he's not telling the truth," and "[Defendant's] got motive to lie."

(Doc. No. 13, pp. 686, 689.)  Upon defense counsel's objection and request for a mistrial, the court

instructed the jury that they were to make the determination of whether Kish was lying.  Further, on

cross-examination of Kish, the prosecutor asked him, " So if the jury hears you saying that on that tape

, you'll agree with me, you lied to this jury[?]" *Id.* at 651.  Defense counsel immediately moved for a

mistrial because the prosecutor used the word "lie."  The court denied counsel's request, but gave the

following instruction to the jury, "[T]he word "lie," that's within your province to make that

determination.  And the question should not be asked again." *Id.* at 652.

To constitute a constitutional violation, a prosecutor's misconduct must "so infect[] the trial with

unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*,

416 U.S. 637, 642 (1974).  The Sixth Circuit has set forth a totality of the circumstances approach to

evaluate alleged instances of prosecutorial misconduct, that include the following factors: (1) the degree

---

[6] In Ohio, it is within the discretion of the trial court to grant or deny a motion for
mistrial. *State v. Shepard*, 13 Ohio App. 3d 117 (1983).  In reviewing Kish's claim,
the Court of Appeals held that the trial court did not abuse its discretion in denying
Kish's motion for a mistrial.  This is a solely a state law matter.  However, the
prosecutorial misconduct aspect of Kish's claim raise a federal issue and this Court will
review that part of Kish's claim for a due process violation.

to which the remarks complained of have a tendency to mislead the jury and prejudice the accused; (2)

whether they are isolated or extensive; (3) whether they were deliberately or accidentally placed before

the jury; and (4) the strength of the competent proof to establish the guilt of the accused. *Hill v.*

*Brigano*, 199 F.3d 833, 847 (6th Cir. 1999) (quoting *Angel v. Overberg*, 682 F.2d 605, 608 (6th

Cir. 1982)).  Further, instances of prosecutorial misconduct are subject to harmless error analysis. *See*

*Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997).

In the instant action, the Court finds that the prosecutor's comments did not infect the trial with

unfairness as to violate Kish's due process rights.  After each comment, the Court sustained defense

counsel's objection.  Further, after defense counsel sought a mistrial after the two comments which

included the word "lie," the court instructed the jury that they were to make credibility determinations,

not the prosecutor.  Moreover, there was strong competent proof to establish Kish's guilt for

possession of drugs.  A detective testified about a staged drug transaction and meetings between a

confidential informant and Kish.  The confidential informant also testified about drug dealings with Kish

and their communications about "cabinets" and "keys" were really terms for drugs.  Police officers

testified about packing a black duffel bag with drugs and placing it in the informant's vehicle.  The

police sergeant testified that after Kish was arrested, the black bag was found hidden inside a

cardboard box in the back of Kish's van.[7]

Given the foregoing evidence, the prosecutor's comments were not so egregious as to deny

---

[7] Kish testified that his dealings with the informant were for the sale of antique cabinets and that he had no knowledge that the duffel bag contained drugs when he put it in his van.

13

Kish a fair trial. *See U.S. v. Veal*, 23 F.3d 985 (6th Cir. 1994) (Prosecutor's closing argument comment that "defendant was the only witness with a motive to lie" is not misconduct because the defendant put his veracity at issue by taking the stand and comment reflected reasonable inference from the evidence); *see also Webster v. Rees*, 729 F.2d 1078 (6th Cir. 1984) (Although the prosecutor repeatedly called the defendant a liar during closing argument, his conduct was no so egregious to have denied the defendant a fair trial); *U.S. v. Collins*, 78 F.3d 1021, 1040 (6th Cir. 1996) ("Where there is conflicting testimony, it may be reasonable to infer, and accordingly to argue, that one of the two sides is lying"). The evidence establishing Kish's guilt was strong and the court instructed the jury to make credibility determinations on the testimony. Accordingly, this claim should be dismissed.

### V.  Evidentiary Hearing

Kish requests that this Court conduct an evidentiary hearing. A district court has discretion and inherent authority to order evidentiary hearings to settle disputed issues of material fact. *Abdur'Rahman v. Bell*, 226 F.3d 696, 706 (6th Cir. 2000). A habeas petitioner who has not developed the record in state court is entitled to an evidentiary hearing only if he shows (1) cause for his failure to develop the facts in state-court proceedings and actual prejudice resulting from that failure or (2) that a fundamental fairness miscarriage of justice would result from failure to hold a federal evidentiary hearing. *Mitchell v. Rees*, 114 F.3d 571, 577 (6th Cir. 1997). Kish states, in conclusory fashion, that an evidentiary hearing is required because he has alleged facts, which if proven, would entitle him to habeas relief. Kish's conclusory argument is insufficient. Accordingly, Kish's request should be denied.

14

## VI.  Conclusion

For the foregoing reasons, the Magistrate Judge recommends Kish's Petition for Writ of

Habeas Corpus (Doc. No. 1) be DENIED.  Kish's request for an evidentiary hearing should also be

denied.


/s/ Nancy A. Vecchiarelli

U.S. Magistrate Judge


Date: July 28, 2005


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within ten (10) days of this notice.  Failure to file objections within the specified time
may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638
F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S.
1111 (1986).**