UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Michael Kish,** | ) | **CASE NO. 1:04 CV 1695** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Julius Wilson, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Vecchiarelli (Doc. 15) which recommends denial of the Petition for Writ of Habeas Corpus now pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Michael Kish, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated after a jury trial in the Lorain County Court of Common Pleas.  This matter has been fully briefed and the Magistrate Judge issued her Report and Recommendation recommending that the Petition for Writ of

1

Habeas Corpus be denied.  Petitioner has filed Objections to the Report and Recommendation.

### Standard of Review

Rule 8(b)(4) of the Rules Governing Section 2254 Cases in the United States District Courts provides:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

### Discussion

Petitioner asserts four grounds for relief.  None warrants issuance of the writ.

Ground One asserts that petitioner was denied due process when the trial court denied him a challenge for cause of a juror who expressed that she would give greater weight to the testimony of a law enforcement officer than lay person and that she could not set aside this practice if instructed to do so by the court.  Petitioner did not fairly present this claim as a constitutional claim to the state courts.  In *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citations omitted), the Sixth Circuit stated,

> The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts. A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts. This court has noted four actions a defendant can take which are significant to the determination whether a claim has been 'fairly presented': (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated.

This claim was not fairly presented to the state courts.  It was presented only as an assertion that the trial court abused its discretion under state law.  The Constitution or federal law was not

2

referenced. Thus, this Court lacks jurisdiction to reach the merits of this ground.

Ground Two asserts that petitioner was denied effective assistance of counsel and due process when the trial court ordered that defense counsel could not speak to petitioner over a lunch break during trial. This ground lacks merit because petitioner does not have a constitutional right to consult with his attorney while the State's cross-examination of him is in progress. *Perry v. Leeke,* 488 U.S. 272 (1989). Thus, the state courts' decisions were neither contrary to, nor an unreasonable application of, clearly established federal law.

Ground Three asserts that petitioner was deprived his right to confrontation, effective assistance of counsel and due process when the trial court denied defense counsel the right to examine petitioner regarding a subject on which the State had previously examined one of its own witnesses. Petitioner did not fairly present this claim to the state courts but only asserted it as a challenge to the trial court's evidentiary ruling under state law. Thus, the Court will not reach this ground on the merits.

Ground Four asserts that petitioner was denied due process when the trial court refused to declare a mistrial based on prosecutorial misconduct allegedly committed during closing arguments and the cross-examination of petitioner when the prosecutor stated that petitioner lied. The Court agrees with the Magistrate Judge that the state court decision was not contrary to federal law which requires that a prosecutor's comments so infect a trial with unfairness as to make the resulting conviction a denial of due process. *Donnelly v. DeChristoforo,* 416 U.S. 637 (1974). The trial court sustained defense counsel objections and instructed the jury to make its own credibility determinations.

For the foregoing reasons, petitioner has not demonstrated that the Petition for Writ of

Habeas Corpus should be granted.

### **Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.  Further, this Court hereby fully incorporates the Report and Recommendation by reference herein.

This Court now considers whether to grant a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253 which states in relevant part:

> \*\*\*
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the United States Supreme Court determined that

> "[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

If the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong."  *Id.* at 484.  In instances where a claim is  procedurally defaulted, a COA should only issue if "jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis supplied).

For the reasons stated above and in the Report and Recommendation, this Court finds no basis upon which to issue a certificate of appealablity. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/27/05